UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **KRISTEN PATTERSON, ET UX** | **CIVIL ACTION NO. 13-2750** |
| -vs- | **DISTRICT JUDGE DRELL** |
| **ELAT PROPERTIES INC., ET AL** | **MAGISTRATE JUDGE KIRK** |

REPORT AND RECOMMENDATION

Before the Court is plaintiff's MOTION TO REMAND, Doc. #**11**, referred to me by the district judge for Report and Recommendation.

FACTUAL BACKGROUND

Plaintiffs, Kristen Patterson, et ux, sue for damages as the result of a fall in defendant's parking lot which she alleges was caused by a defect in the pavement. By First Supplemental and Amending Petition, she added Supervac Maintenance Services as a defendant and alleged improper maintenance of the parking lot. Thereafter defendant removed the case to this court alleging that Supervac was fraudulently joined to defeat jurisdiction. Plaintiff filed the instant motion to remand.

Thereafter the district judge signed an Order allowing the plaintiffs to add as an additional defendant, Deco Contractors, LLC, also a Louisiana resident. There are no allegations that this defendant is fraudulently joined [1].

## DISCUSSION

The applicable statute, 28 U.S. § 1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000. 28 U.S. § 1332(a); Caterpillar v. Lewis, 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996). All plaintiffs must be diverse from all defendants for the court to have diversity jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611, 2635 (2005). Therefore, where one plaintiff and one defendant are from the same state, ordinarily, federal courts have no jurisdiction under § 1332. However, any party may argue that such a case is removable on the basis that complete diversity *would* exist if not for the fact that the non-diverse parties have been improperly joined in the suit. "Improper Joinder" can be established by actual fraud in the pleading of jurisdictional facts, or an inability of a plaintiff to establish a cause of action against a defendant in state court. McKee

---

[1] The Fifth Circuit has suggested that the term "improper joinder" is more consistent with the statutory language than "fraudulent joinder" and is thus preferred. Smallwood v. Illinois Central Gulf Railroad Company, 385 F.3d 568 (5th Cir. 2004). However, the term "improper joinder" is less precise and is sometimes cause for confusion, particularly where issues are presented as to both "improper joinder" and "misjoinder" under Rules 20 & 21 as well as longstanding concepts of joinder under Louisiana law.

*v. Kansas City Southern Railway Co.*, 358 F.3d 329, 333 (5th Cir. 2004); Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003).

The fraudulent joinder issue as to Supervac is now moot, due to the allowed joinder of Deco.

If, after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder or permit joinder and remand the case to state court. 28 U.S.C. §1447(e).  The lead case involving amendments to complaints to add non-diverse defendants is Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987). In it the court held that the district court should "scrutinize that amendment more closely than an ordinary amendment. The court also explained that in considering whether to allow the amendment, a court should consider 1) the extent to which the purpose of the amendment is to defeat diversity jurisdiction, 2) whether the plaintiff has been dilatory in amending, 3) whether the plaintiff will be significantly prejudiced by disallowing the amendment, and 4) any equities that bear on the case.

Here, no doubt after consideration of the Hensgen factors, the district judge exercised his discretion to grant the amendment even though adding the non-diverse defendant would destroy the court's jurisdiction. The court is required to remand the action to state court under 28 U.S.C. §1447(e).

CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the motion to remand, doc. #11, be GRANTED and this case be remanded to the Ninth Judicial District Court, Parish of Rapides, State of Louisiana.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 4th day of December, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE